LYNN ADELMAN, District Judge
This is a suit for patent infringement involving two patents relating to lawnmowers, U.S. Patents 6,892,519 (the '519 patent) and 6,996,962 (the '962 patent). The plaintiff, Metalcraft of Mayville, Inc. d/b/a/ Scag Power Equipment ("Scag"), owns the patents and accuses Ariens Company of manufacturing and selling infringing products. In this opinion, I address the parties' arguments concerning claim construction.
The patents relate to adjustable baffles used in lawnmower decks. The underside of the deck is where the cutting occurs. Baffles are installed under the deck to control airflow in the area surrounding the cutting blades. The height of a baffle-the distance a baffle extends from the underside of the deck toward the ground-affects the quality of the cut. According to the '519 specification, a user may wish to change the height of a baffle depending on the type of grass being cut and the manner in which the deck is being used. The Scag patents claim and describe a baffle that can be adjusted to different heights depending on the particular use of the mower deck.
The image below is based on Figure 16 of the '519 patent. It depicts an exploded view of a lawnmower deck described in the patent. The adjustable baffle is shown at the top of the image. The adjustable baffle attaches to the part of the image identified as the front baffle. The adjustable baffle can be mounted on the front baffle at different heights. The image also identifies a rear baffle, which is not adjustable, as well as a front wall.
*830 The parties ask me to construe the claim terms "adjustable baffle," "front baffle," and "rear baffle." These terms appear in the claims that Ariens is alleged to have infringed, namely claims 8-20, 24, and 25 of the '519 patent and claims 1-4 and 6-8 of the '962 patent. Claim 14 of the '519 patent exemplifies how these terms are used:
14. A mower deck securable to a lawnmower for movement over the ground, the lawnmower operable to rotate first and second cutting blades that are rotatably supported by first and second spindles for rotation in a plane that is substantially parallel to the ground, each cutting blade defining a cutting circle as the cutting blade rotates, the mower deck comprising:
a top wall;
a rear baffle extending from a rearward portion of the top wall toward the ground proximate the cutting circles;
a front baffle extending from a forward portion of the top wall toward the ground and cooperating with the rear baffle to at least partially define cutting chambers;
an adjustable baffle selectively mountable on the front baffle in first and second vertically spaced positions, with respect to the top wall to adjust a height of the adjustable baffle above the ground, the adjustable baffle including a flange spaced from the top wall and extending into the cutting chambers toward the cutting circles.
'519 patent, claim 14 (emphasis added).
The need to construe these terms arises because Ariens contends that the patents are invalid based on a prior-art reference showing an adjustable baffle attached to the front wall (or perimeter) of a mower deck. In this reference, the front wall acts as the front baffle. In the embodiments disclosed in the Scag patents, the front wall and the front baffle are separate. Scag contends that its claims should be construed to mean that a separate front baffle is required. If the claims require a separate front baffle, then Scag will have a stronger argument against invalidity, in that the claims in its patents would not read on Ariens' prior-art reference. Scag thus proposes that I construe the term "front baffle" to mean "a baffle that is spaced apart from the deck perimeter in a front portion of the deck." ECF No. 21 at 5. Similarly, Scag proposes that I construe "rear baffle" to mean "a baffle that is spaced apart from the deck perimeter in the rear portion of the deck," and that I *831 construe "adjustable baffle" to mean "a moveable baffle that is spaced apart from the deck perimeter." Id. at 6. Ariens contends that the claims do not require the baffles to be spaced apart from the deck perimeter. It thus proposes that the phrase "spaced apart from the deck perimeter" be excluded from the meaning of the disputed terms.
Before addressing this dispute, I note that Ariens also proposes that I construe the term "baffle," on its own, to mean "a structure that deflects or regulates flow of air and grass clippings." ECF No. 24 at 8. However, claim construction is required only when there is a dispute over claim meaning that affects issues such as infringement and validity. See Edward D. Manzo, Patent Claim Construction in the Federal Circuit § 2:3 (Westlaw 2017 ed.). Here, only one issue relating to infringement or validity has been brought to my attention, namely, whether the claims require spatial separation between the baffles and the perimeter of the mower deck. Ariens' proposed construction of "baffle"-which relates to the function of a baffle rather than its location on the mower deck-is not relevant to this issue, as far as I can tell. Thus, I will not address whether the term "baffle," standing alone, should be construed as Ariens has construed it. If in future proceedings Ariens' proposed construction becomes relevant to a dispute involving infringement or validity, I will revisit this issue.
Turning to the three disputed terms, I must give them their ordinary and customary meanings, as they would be understood by a person of ordinary skill in the art. Phillips v. AWH Corp. , 415 F.3d 1303, 1312-13 (Fed. Cir. 2005). Scag contends that such a person would draw a distinction between the terms "wall" and "baffle," as used in the context of a lawnmower deck. According to Scag, this person would understand that a wall must be located at the front or rear perimeter of a lawnmower deck, and that a baffle must be spaced inwardly from the perimeter. In support of this contention, Scag points to the specification of the '519 patent and one patent in the prior art.
In the drawings of the '519 patent, the front baffle is spaced apart from the deck perimeter, while the front wall is at, or forms, the deck perimeter. Similarly, the rear baffle is separated from the rear wall, and the adjustable baffle is consistently depicted as being attached to the front baffle, away from the perimeter. Moreover, the description of the preferred embodiment, with reference to the drawings, describes a deck with a "front flow control baffle weldment spaced from the front wall." '519 patent, 3:11-14. The description also explains that the adjustable baffle is coupled to the front baffle. Id. 3:55-59.
Scag's prior-art patent is U.S. patent 5,845,475, issued to Busboom et al. The drawings in that patent, like the drawings in the '519 patent, depict baffles that are separate from the front and rear walls, and that are not located at the perimeter of the mower deck. Busboom's description of the preferred embodiment, with reference to the drawings, identifies a "first flow control baffle" that is "positioned between the interior surface of [the] front wall and the rotary cutting blades." Busboom 3:57-61.
I conclude that the '519 specification and the Busboom patent do not establish that a person of ordinary skill in the art would read the claims of Scag's patents to require baffles that are spaced apart from the deck perimeter. Although both patents describe embodiments in which the walls and baffles are separated, nothing in either patent suggests that a person of ordinary skill would understand that this configuration is required, as opposed to merely being a preferred embodiment. The *832 Federal Circuit has repeatedly warned against confining the claims to the embodiments described in the specification. Phillips , 415 F.3d at 1323. It has also stated that a court must not read limitations from the specification into the claims. E.g., Golight, Inc. v. Wal-Mart Stores, Inc. , 355 F.3d 1327, 1331 (Fed. Cir. 2004). But that is exactly what Scag is trying to do here. Scag has identified no language in its claims that requires separation between the baffles and the deck perimeter. So instead it argues that such separation is inherent in the concept of a lawnmower deck baffle. But the fact that two examples from the art use separated baffles does not imply that separation is inherent, such that a person of ordinary skill would understand that when a claim uses the terms "front baffle," "rear baffle, and "adjustable baffle," it is necessarily referring to something that is located away from the perimeter of the deck. Therefore, I will not adopt Scag's construction of the disputed terms.
For the reasons stated, IT IS ORDERED that Scag's motion for claim construction (ECF No. 21) is DENIED . Instead, I construe the disputed claim terms as Ariens proposes, namely: (1) " adjustable baffle" means "a movable baffle," (2) " front baffle" means "a baffle that extends from a forward portion of the top wall," and (3) " rear baffle" means "a baffle that extends from a rearward portion of the top wall."